UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WILLIAMS, III** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:13-cv-01291-MHH |
| } | |
| **ROEBUCK, et al.,** } | |
| } | |
| **Defendants.** } | |

# MEMORANDUM OPINION

On June 16, 2014, Chief Magistrate Judge John Ott entered a report in which he recommended that the Court deny plaintiff James Williams, III's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. 4). Chief Magistrate Judge Ott permitted the parties fourteen days to file objections to the recommendation. (Doc. 4, pp. 10-11). No party has filed objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a Report and Recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

1

When no objections are filed, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* To date, the Eleventh Circuit does not appear to have expressly held that, in the absence of objections, a district court should review a report and recommendation for clear error; however, the Court assumes from the discussion in *Macort* that the

Eleventh Circuit would adopt such a standard if the Court were to address the issue directly.  *See generally Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. Mar. 29, 2013) (portions of a report and recommendation "to which no objection is filed are reviewed only for clear error.").

The Court has carefully reviewed the record and Magistrate Judge Ott's report and recommendation.  (Doc. 4).  Applying the clearly erroneous standard, the Court **ADOPTS** his report and **ACCEPTS** his recommendation that Mr. Williams's motion to proceed *in forma pauperis* be denied and that Mr. Williams's action be dismissed without prejudice.

The Court will enter a separate final judgment consistent with this memorandum opinion.

The Court asks the Clerk to please mail a copy of this memorandum opinion to Mr. Williams.

**DONE** and **ORDERED** this October 30, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE